FILED
United States Court of Appeals
Tenth Circuit

September 23, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

HAI OU CHEN,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 14-9525
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **KELLY**, **PORFILIO**, and **MATHESON**, Circuit Judges.

Hai Ou Chen, a native and citizen of the People's Republic of China, seeks

review of the Board of Immigration Appeals' (BIA) order of removal. We deny the

petition for review.

Mr. Chen was smuggled across the Mexico-United States border on

December 10, 2008. He was charged with removability as an individual who entered

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the United States while not in possession of a valid border-crossing document. He concluded removability and requested asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He claimed he would be persecuted and tortured if returned to China because he was a Falun Gong practitioner.

An immigration judge (IJ) held a hearing at which Mr. Chen and his brother testified. Mr. Chen was represented by counsel. He testified that while in China, because he was a Falun Gong practitioner, he was arrested, detained, interrogated, beaten, and subjected to police surveillance. In addition, he was fired from his job, which he believed was caused by his practice of Falun Gong and the police interest in him. Mr. Chen was questioned about his entry into the United States; his jobs in New York City, North Carolina, and Colorado; and the names of his employers and friends. Mr. Chen repeatedly testified that he did not know or had forgotten all of the particulars of these matters, such as whether he had crossed the border by boat or by truck, the name of the restaurant in New York where he had worked, and the names of his boss and friends in North Carolina where he lived for one and one-half years. Even when counsel attempted to refresh his recollection with a writing he made shortly after he crossed the border, Mr. Chen stated he still could not remember anything about his arrival in the United States.

At the conclusion of the hearing, the IJ indicated that the contradictions and gaps in Mr. Chen's testimony cast serious doubt on his credibility. Accordingly, the IJ kept the record open to allow both sides to submit corroborating or clarifying

evidence. Mr. Chen submitted his own affidavit supplementing and explaining his testimony. The IJ accorded the affidavit no weight, a ruling Mr. Chen does not challenge.

The IJ found that Mr. Chen was not credible based on the totality of the testimony and the documentary evidence of record. Therefore, the IJ held that Mr. Chen had failed to carry his burden to show he was qualified for the relief requested. Mr. Chen appealed to the BIA, which dismissed the appeal, concluding that the numerous inconsistencies in Mr. Chen's testimony supported the IJ's credibility assessment. On appeal to this court, he challenges the adverse credibility finding.

We review the BIA's decision to determine whether it is supported by substantial evidence, considering the record as a whole. *Neri-Garcia v. Holder*, 696 F.3d 1003, 1008 (10th Cir. 2012). "Agency findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (internal quotation marks omitted). We neither reweigh the evidence nor assess witness credibility. *Id.* The BIA issued a single-member decision. Therefore, "although we will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Maatougui v. Holder*, 738 F.3d 1230, 1237 n.2 (10th Cir. 2013) (internal quotation marks, brackets and ellipsis omitted).

On appeal, Mr. Chen challenges only the IJ's determination that he was not credible, offering plausible explanations for his inconsistent testimony and inability to remember basic facts. He contends that he had no reason to lie about those matters to support his eligibility for asylum, so the testimony in question was irrelevant. He further argues that his testimony was corroborated by supporting documents, but he relies only on his own affidavit submitted after the IJ hearing, which the IJ gave no weight.

As Mr. Chen acknowledges, a credibility determination may be based on inconsistencies, inaccuracies, or falsehoods, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. §§ 1229a(c)(4)(C) (relief from removal in general), 1158(b)(1)(B)(iii) (asylum claims). Nevertheless, "the IJ must give specific, cogent reasons for disbelieving [the applicant's testimony]. An IJ's finding that an applicant's testimony is implausible may not be based upon speculation, conjecture, or unsupported personal opinion." *Ismaiel v. Mukasey*, 516 F.3d 1198, 1205 (10th Cir. 2008) (citation and internal quotation marks omitted).

After reviewing Mr. Chen's testimony, the BIA upheld the IJ's credibility determination based on "the cumulative nature of the numerous inconsistencies." Admin. R. at 4. The IJ noted that Mr. Chen could remember the details of what had happened to him in China, but could not remember subsequent events in the United States. In addition, the IJ observed that while Mr. Chen might not be expected to

remember the exact address of the restaurant where he worked in New York, it was inexplicable that he could not recall its name. Similarly, the IJ found inexplicable Mr. Chen's inability to remember the names of his boss in North Carolina or the friend with whom he lived. We determine that the IJ and BIA gave adequate reasons for finding Mr. Chen not credible. His appellate arguments ask us to reassess his credibility in light of his explanations for his inconsistent testimony and inability to remember basic facts, which we may not do, *see Sidabutar*, 503 F.3d at 1122. We conclude that the BIA's holding that Mr. Chen failed to meet his burden to show he was eligible for asylum is supported by substantial evidence.

We also conclude that the BIA's adverse credibility determination is dispositive of Mr. Chen's request for restriction on removal. "Having failed to establish that he is entitled to discretionary consideration for asylum, Mr. [Chen] has perforce failed to establish that he is entitled to [restriction on] removal, which, we have acknowledged, requires a petitioner to meet a higher standard than that for asylum." *Ustyan v. Ashcroft*, 367 F.3d 1215, 1218 (10th Cir. 2004) (internal quotation marks omitted).

Finally, we consider Mr. Chen's request for CAT relief. "Article 3 of the Convention Against Torture prohibits the return of an alien to a country where it is more likely than not that he will be subject to torture by a public official, or at the instigation or with the acquiescence of such an official." *Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1192 (10th Cir. 2005) (brackets and internal quotation marks

omitted).  Because there is no such evidence in the record, Mr. Chen failed to carry his burden of proof, *see* 8 C.F.R. § 1208.16(c)(2), and the BIA correctly affirmed the IJ's decision denying Mr. Chen's request for CAT relief.

The petition for review is denied.

Entered for the Court


John C. Porfilio
Circuit Judge